IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:12-CR-418 |
| vs. | MEMORANDUM AND ORDER |
| QUINCY HUGHES, | |
| Defendant. | |

This matter is before the Court upon initial review of the pro se motion to vacate under 28 U.S.C. § 2255 (filing 194) filed by the defendant, Quincy Hughes. The motion was timely filed less than 1 year after the Supreme Court initially recognized the right that the defendant's motion asserts. *See*, § 2255(f); *Johnson v. United States*, 135 S. Ct. 2551 (2015). The Court's initial review is governed by Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, which provides:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

A § 2255 movant is entitled to an evidentiary hearing unless the motion and the files and records of the case conclusively show that the movant is entitled to no relief. § 2255(b); *Sinisterra v. United States*, 600 F.3d 900, 906 (8th Cir. 2010). Accordingly, a motion to vacate under § 2255 may be summarily dismissed without a hearing if (1) the movant's allegations, accepted as true, would not entitle the movant to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact. *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995); *see also Sinisterra*, 600 F.3d at 906.

BACKGROUND

The defendant was convicted pursuant to guilty plea of one count of conspiracy to possess with intent to distribute methamphetamine and 500 grams or more of cocaine, in violation of 21 U.S.C. § 846, and one count of possessing a firearm in furtherance of that crime, in violation of 18 U.S.C. § 924(c). Filing 103; filing 166 at 1. The statutory imprisonment range for the conspiracy count was not less than 5 years nor more than 40 years. *See* 21 U.S.C. § 841(b)(1)(B)(ii). The statutory imprisonment range for the firearm count was 5 years to life. *See*, 18 U.S.C. § 924(c)(1)(A)(i); *United States v. Davidson*, 437 F.3d 737, 741 (8th Cir. 2006). And the sentence on the firearm count could not run concurrently with any other term of imprisonment imposed, including the conspiracy count. *See* § 924(c)(1)(D)(ii).

The parties entered into a binding plea agreement pursuant to Fed. R. Crim. P. 11(c)(1)(C), stipulating 5 years' imprisonment on each count, with those terms to be served consecutively. Filing 109 at 6. In other words, the parties stipulated to the statutory mandatory minimum sentence. The Court found the defendant's Guidelines range to be 108 to 135 months' imprisonment as to the conspiracy count, followed by a consecutive term of 60 months' imprisonment on the firearm count. Filing 167 at 1. But the Court varied downward, accepted the plea agreement, and imposed consecutive terms of imprisonment of 60 months on each count. Filing 161; filing 166 at 2; filing 167 at 1-3.

DISCUSSION

The sole argument presented by the defendant's § 2255 motion is that his conviction under § 924(c)(1)(A)(i) cannot stand in light of *Johnson*. Filing 194 at 4. But there are two problems with the defendant's argument.

The first problem is that *Johnson* has no application to § 924(c)(1)(A)(i). In *Johnson*, the Supreme Court struck down the "residual clause" of the definition of "crime of violence" contained in § 924(e)(2)(B). 135 S. Ct. at 2563. That definition provided, in relevant part, that a "violent felony"

> (i)  has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii)  is burglary, arson, or extortion, involves use of explosives, *or* otherwise *involves conduct that presents a serious potential risk of physical injury to another* . . . .

§ 924(e)(2)(B) (emphasis supplied). The Supreme Court held that the language "involves conduct that presents a serious potential risk of physical injury to another" was unconstitutionally vague. *Johnson*, 135 S. Ct. at 2563.

But the defendant was convicted of violating § 924(c)(1)(A)(i), which uses a different definition. Section 924(c)(1)(A)(i) provides that

> any person who, during and in relation to any crime of violence or drug trafficking crime . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime . . . be sentenced to a term of imprisonment of not less than 5 years . . . .

And a "crime of violence," for purposes of that subsection, means

> an offense that is a felony and—
> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
> (B) *that by its nature, involves a substantial risk that physical force* against *the person or property of another may be used in the course of committing the offense.*

§ 924(c)(3) (emphasis supplied).

The defendant argues that the "residual clause" set forth in § 924(c)(3)(B) is invalidated by *Johnson.* Filing 196 at 6-10. The provisions are similar, but the Eighth Circuit has expressly held, post-*Johnson*, that § 924(c)(3)(B) is *not* unconstitutionally vague. *United States v. Prickett*, No. 15-3486, 2016 WL 5799691, at *3 (8th Cir. Oct. 5, 2016). The defendant cites, and the Court is aware of, authority to the contrary. *See United States v. Hill*, 832 F.3d 135, 149-50 (2d Cir. 2016) (collecting cases striking down the effectively identical language of 18 U.S.C. § 16(b)). But this Court is not at liberty to disagree with the Eighth Circuit. *See Hood v. United States*, 342 F.3d 861, 864 (8th Cir. 2003).

The other problem with the defendant's argument is that even if there was some reason to believe that § 924(c)(3)(B) was suspect, the defendant's conviction did not rest on that clause: he was not convicted of possessing a firearm in furtherance of a "crime of violence," he was convicted of possessing a firearm in furtherance of a "drug trafficking crime." *See* filing 103. The defendant does not have standing to challenge any other provision of the statute. *See Musser v. Mapes*, 718 F.3d 996, 1000 (8th Cir. 2013). And *Johnson* offers him no basis for relief from the effect of his conviction.

## CONCLUSION

The defendant's allegations either entitle him to no relief, or are contradicted by the record. Accordingly, his § 2255 motion will be summarily

dismissed. A movant cannot appeal an adverse ruling on his § 2255 motion unless he is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A certificate of appealability cannot be granted unless the movant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, the movant must demonstrate that reasonable jurists would find the Court's assessment of the constitutional claims debatable or wrong. *Tennard v. Dretke*, 542 U.S. 274, 282 (2004); *see also Gonzalez v. Thaler*, 132 S. Ct. 641, 648 (2012).

In this case, the defendant has failed to make a substantial showing of the denial of a constitutional right. The Court is not persuaded that the issues raised are debatable among reasonable jurists, that a Court could resolve the issues differently, or that the issues deserve further proceedings. Accordingly, the Court will not issue a certificate of appealability.

IT IS ORDERED:

1.  The defendant's pro se motion to vacate under 28 U.S.C. § 2255 (filing 194) is denied.

2.  The Court will not issue a certificate of appealability in this matter.

3.  A separate judgment will be entered.

4.  The Clerk is directed to mail a copy of this Memorandum and Order to the defendant at his last known address.

Dated this 21st day of October, 2016.

BY THE COURT:

John M. Gerrard
United States District Judge