IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | 8:12-CR-418 |
| vs. | ORDER |
| QUINCY HUGHES, | |
| Defendant. | |

This matter is before the Court on correspondence from the defendant (filing 207) that the Court has construed as a motion to appoint counsel. That motion will be denied.

The Court may appoint counsel to represent a habeas petitioner if it "determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B); *see Martin v. Fayram*, 849 F.3d 691, 699 (8th Cir. 2017). But the Court is not persuaded that counsel should be appointed here.

The defendant says that because he was convicted of violating 18 U.S.C. § 924(c), he wants to seek relief pursuant to *United States v. Davis*, 139 S. Ct. 2319 (2019) and *United States v. Adams*, No. 16-CV-5979, 2018 WL 3141829, at *2 (N.D. Ill. June 27, 2018). But those cases dealt with § 924(c)(3)(B), which contained an unconstitutionally vague definition of the statutory term "crime of violence." *Davis*, 139 S. Ct. at 2336; *Adams*, 2018 WL 3141829, at *2. The defendant was not convicted of possessing a firearm in furtherance of a "crime of violence." *See* filing 103. Rather, he was convicted of possessing a firearm in furtherance of a "drug trafficking crime." *See* filing 103.

Nothing in *Davis* or *Adams* casts doubt on the constitutionality of a conviction for possessing a firearm in furtherance of a drug trafficking crime.

*See In re Navarro*, 931 F.3d 1298, 1302-03 (11th Cir. 2019); *Cole v. United States*, ___ F. Supp. 3d ___, No. 2:06-CR-47, 2019 WL 3767499, at *8 (N.D. Ala. Aug. 9, 2019). And "drug trafficking crime," for these purposes, has a clear statutory definition. *See* § 924(c)(2).

In other words, there is no merit to the claim the defendant seeks assistance in filing. So, there is no basis to appoint counsel.

IT IS ORDERED that the defendant's motion to appoint counsel (filing 207) is denied.

Dated this 21st day of October, 2019.

BY THE COURT:

John M. Gerrard
Chief United States District Judge